Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/11/2025
CT Log Number 548610953

## Service of Process Transmittal Summary

**TO:** Jan White
Huntington Ingalls Industries, Inc.
5220 RIVER ROAD
AVONDALE, LA 70094-2770

**RE:** **Process Served in Louisiana**

**FOR:** Huntington Ingalls Incorporated (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LAWRENCE MCINTYRE // To: Huntington Ingalls Incorporated |
| **DOCUMENT(S) SERVED:** | Citation, Third Supplemental and Amending Petition, Second Supplemental and Amending Petition, First Supplemental and Amending Petition and Demand, Petition |
| **COURT/AGENCY:** | Parish of Orleans, Civil District Court, LA<br>Case # 202402499 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 03/2023 |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/11/2025 at 09:24 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of citation upon him (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Philip C. Hoffman<br>Philip C. Hoffman, LLC<br>400 Poydras Street, Suite 1625<br>New Orleans, LA 70130<br>504-822-6050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/11/2025, Expected Purge Date: 03/16/2025<br><br>Image SOP<br><br>Email Notification, Jan White jan.white@hii-co.com<br><br>Email Notification, Shayna Callis shayna.e.callis@hii-co.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |



Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/11/2025
CT Log Number 548610953

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Mar 11, 2025
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | HUNTINGTON INGALLS, INC. |
| Case Number | 2024-02499 |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |

ATTORNEY'S NAME: Hoffman, Philip C 32277
AND ADDRESS: 643 MAgazine St. 300 A, New Orleans, LA 70130

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

**NO: 2024-02499** **DIVISION: A** **SECTION: 16**

**MCINTYRE, LAWRENCE**

**Versus**

**TAYLOR SEIDENBACH INC ET AL**

**CITATION**

TO: HUNTINGTON INGALLS, INC.
THROUGH: ITS REGISTERED AGENT: CT CORPORATION SERVICES FOR SERVICE
3867 PLAZA TOWER DR., BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

THIRD SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES w/THE ORIGINAL PETITION FOR DAMAGES, THE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND DEMAND FOR JURY AND THE SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES ATTACHED

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

**ADDITIONAL INFORMATION**

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE**********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA February 18, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** ______________
**Michelle Jiles, Deputy Clerk**

**SHERIFF'S RETURN**
(for use of process servers only)

PERSONAL SERVICE

On this ________ day of ____________________ served a copy of the within

**THIRD SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES w/THE ORIGINAL PETITION FOR DAMAGES, THE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND DEMAND FOR JURY AND THE SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES ATTACHED**

**ON HUNTINGTON INGALLS, INC.**

**THROUGH: ITS REGISTERED AGENT: CT CORPORATION SERVICES FOR SERVICE**

Returned the same day

______________________ No. __________

Deputy Sheriff of ______________________

Mileage: $ ______________________

____________ / ENTERED / ____________

PAPER RETURN

________ / ________ / ________

SERIAL NO. DEPUTY PARISH

DOMICILIARY SERVICE

On this ________ day of ____________________ served a copy of the within

**THIRD SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES w/THE ORIGINAL PETITION FOR DAMAGES, THE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND DEMAND FOR JURY AND THE SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES ATTACHED**

**ON HUNTINGTON INGALLS, INC.**

**THROUGH: ITS REGISTERED AGENT: CT CORPORATION SERVICES FOR SERVICE**

by leaving same at the dwelling house, or usual place of abode, in the hands of ______________ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **HUNTINGTON INGALLS, INC.** being absent from the domicile at time of said service.

Returned the same day

______________________ No. __________

Deputy Sheriff of ______________________

RECEIVED
DATE
MAR 1 0 2025
E.B.R. Sheriff's Office

ID: 11555458

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

FILED
2024 OCT 31 AM 11:28
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2024-2499 SECTION: 16 DIVISION: A

LAWRENCE MCINTYRE

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**THIRD SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Petitioner, LAWRENCE MCINTYRE, who files this his third supplement and amendment to the First Supplemental and Amending Petition for Damages and Demand for Jury herein the following respects:

I.

By supplementing and amending Paragraph Two of the First Supplemental and Amending Petition for Damages and Demand for Jury to add the following defendants:

**ASBESTOS MINERS/MANUFACTURERS/ SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS**

Q. **METROPOLITAN LIFE INSURANCE COMPANY**

**PREMISE OWNERS/ EMPLOYERS/ EXECUTIVE OFFICERS AND THEIR INSURERS**

R. **HUNTINGTON INGALLS, INC. f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, inc ("Avondale")**

S. **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as the liability insurer of the following Executive Officers of Avondale Industries, Inc.: Albert Bossier, Jr.; C. Edwin Hartzman; Earl Spooner; George Kelmell; Henry "Zac" Carter; Hettie Margaret "Dawes" Eaves; James O' Donnell; James T. Cole, J. Melton Garrett; John Chantrey, John McCue, Peter Territo**

T. **THE TRAVELERS INDEMNITY COMPANY, as the Liability Insurer of the following Avondale Executive Officers: Albert Bossier, Jr.; C. Edwin Hartzman; Earl Spooner; George Kelmell; Henry "Zac" Carter; Hettie Margaret "Dawes" Eaves; James O' Donnell; James T. Cole, J. Melton Garrett; John Chantrey, John McCue, Peter Territo**

II.

The Petitioner reiterates all matters contained in the original Petition for Damages, First Supplemental and Amending Petition for Damages and Demand for Jury and the Second

Supplemental and Amending Petition for Damages and alleges same against this defendant including the prayer of his petition as though set forth at length herein.

III.

To the extent that certain matters, claims, and/or parties have been dismissed in the captioned case, Petitioner does not re-urge those claims, allegations, and/or matters that have been the subject of joint or consent orders/judgments and/or motions to dismiss.

WHEREFORE, Petitioner prays that his petitions be supplemented and amended as to the above particulars and that, after due proceedings had, there be judgment herein in favor of Petitioner in appropriate amounts to be determined by the fact finder, said judgments against all defendants, jointly, severally, and *in solido*, with said amounts to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

Philip C. Hoffman (#32277)
Dayal S. Reddy (#31928)
Kelly A. Ross (# 41392)
400 Poydras Street, Suite 1625
New Orleans, LA 70130
Telephone: (504) 822-6050
Facsimile: (504) 313-3911
Email: *phil@pchlawfirm.com*
*dayal@pchlawfirm.com*
*kelly@pchlawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
*yahnah@pchlawfirm.com*

**COUNSEL FOR PETITIONER**

**PLEASE SERVE THE FOLLOWING WITH THE ORIGINAL PETITION FOR DAMAGES, THE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND DEMAND FOR JURY, THE SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND THIS THIRD SUPPLEMENTAL AND AMENDING PETITION:**

1. METROPOLITAN LIFE INSURANCE COMPANY
   Via the Direct Action Statute
   Through the Louisiana Secretary of State
   8585 Archives Avenue,
   Baton Rouge, LA 70809

2. HUNTINGTON INGALLS, INC
   Through its Registered Agent

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

3. THE TRAVELER'S INDEMNITY COMPANY
Via the Direct Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue,
Baton Rouge, LA 70809

4. CERTAIN UNDERWRITER'S AT LLOYD'S LONDON
Via the Direct Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue,
Baton Rouge, LA 70809

**PLEASE SERVE THE FOLLOWING WITH THIS THIRD SUPPLEMENTAL AND AMENDING PETITION:**

5. EAGLE, INC
Through Its Registered Agent
Susan B. Kohn
1100 Poydras Street, 30th Floor
New Orleans, LA 70163

6. FOSTER WHEELER, LLC
Through its Registered Agent
United Agent Group, Inc.
1070 B. West Causeway Approach
Mandeville, LA 70471

7. GENERAL ELECTRIC COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

8. HONEYWELL INTERNATIONAL, INC
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**PETITIONERS WILL SERVE ALL OTHER DEFENDANTS THROUGH COUNSEL OF RECORD PURSUANT TO LA. C.C.P. 1313**

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS 2024 JUL 12 PM 3:19

STATE OF LOUISIANA

CIVIL DISTRICT COURT

NO.: 2024-2499 SECTION: 16 DIVISION: A

LAWRENCE MCINTYRE

ATTORNEY'S COPY

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Petitioner, LAWRENCE MCINTYRE, who files this his second supplement and amendment to the First Supplemental and Amending Petition for Damages herein the following respects:

I.

By supplementing and amending Paragraph Two of the First Supplemental and Amending Petition for Damages to add the following defendants:

SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/MANUFACTURERS

O. GOULDS PUMPS, LLC

P. MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AS SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION

II.

The Petitioner reiterates all matters contained in the original Petition for Damages and First Supplemental and Amending Petition for Damages and alleges same against these defendants including the prayer of his petitions as though set forth at length herein.

III.

To the extent that certain matters, claims, and/or parties have been dismissed in the captioned case, Petitioner does not re-urge those claims, allegations, and/or matters that have been the subject of joint or consent orders/judgments and/or motions to dismiss.

WHEREFORE, Petitioner prays that his petitions be supplemented and amended as to the above particulars and that, after due proceedings had, there be judgment herein in favor of Petitioner in appropriate amounts to be determined by the fact finder, said judgments against all

defendants, jointly, severally, and *in solido*, said amounts to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
643 Magazine Street, Suite 300A
New Orleans, LA 70130
Telephone: 504-822-6050
Facsimile: 504-313-3911
Email: *phil@pchlawfirm.com*
*dayal@pchlawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
*kelly@pchlawfirm.com*

COUNSEL FOR PETITIONER

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES, FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES, AND THIS THE SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES:

1. GOULDS PUMPS, LLC
   Through Its Registered Agent
   CT Corporation System
   3867 Plaza Tower Dr., 2nd Floor
   Baton Rouge, LA 70816

2. MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AS SUCCESSOR-BY MERGER TO BORG-WARNER CORPORATION
   Via the Louisiana Long Arm Statute
   Through its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THIS SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES:

3. AT&T CORPORATION
   Through Its Registered Agent
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

4. BELLSOUTH TELECOMMUNICATIONS, LLC
   Through its Registered Agent
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

5. EAGLE, INC.
   Through Its Registered Agent
   Susan B. Kohn
   1100 Poydras Street, 30th Floor
   New Orleans, LA 70163

6. FOSTER WHEELER ENERGY CORPORATION AKA FOSTER WHEELER, LLC
   Through its Registered Agent
   United Agent Group, Inc.
   1070 B. West Causeway Approach
   Mandeville, LA 7047

7. GENERAL ELECTRIC COMPANY
   Through Its Registered Agent
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

8. HONEYWELL INTERNATIONAL, INC. f/k/a Allied Signal, Inc., as successor-in-interest to Allied Corporation, as successor-in-interest to The Bendix Corporation
   Through Its Registered Agent
   Corporation Service Company
   450 Laurel Street, 8th Floor
   Baton Rouge, LA 70801

9. HOPEMAN BROTHERS, INC.
   Via the Louisiana Long Arm Statute
   435 Essex Avenue
   Waynesboro, VA 22980

10. INTERNATIONAL PAPER COMPANY
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr., 2nd Floor
    Baton Rouge, LA 70816

11. LIBERTY MUTUAL INSURANCE COMPANY, As the Insurer of Wayne Manufacturing
    Via the Direct Action Statute
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

12. NOKIA OF AMERICA CORPORATION, formerly known as Alcatel-Lucent USA Inc., successor-in-interest to Western Electric Company and Bell Laboratories, Inc.
    Through its Registered Agent
    Corporation Service Company
    450 Laurel St., 8th Floor
    Baton Rouge, LA 70801

13. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation
    Via the Louisiana Long Arm Statute
    Through Its Registered Agent
    Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

14. PNEUMO ABEX LLC
    Via the Louisiana Long Arm Statute
    Through its Registered Agent
    Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

15. UNION CARBIDE CORPORATION
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr., 2nd floor
    Baton Rouge, LA 70816

**SERVICE TO ALL OTHER DEFENDANTS SHALL BE ACCOMPLISHED IN ACCORDANCE WITH LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 1313.**

FILED
2024 JUN 25 PM 3:12
CIVIL DISTRICT COURT

ORIGINAL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2024-02499 SECTION 16 DIVISION A

LAWRENCE MCINTYRE

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND DEMAND FOR JURY**

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The Petition of Lawrence McIntyre respectfully represents:

1.

Petitioner Lawrence McIntyre is an adult resident citizen of Louisville, Kentucky who worked in and was exposed to asbestos in Orleans Parish, in the State of Louisiana. Petitioner currently resides Jefferson County, Kentucky.

2.

Named Defendants herein are the following, either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner, for the claims asserted herein:

**SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/MANUFACTURERS**

A. EAGLE, INC.

B. TAYLOR-SEIDENBACH, INC.

C. HONEYWELL INTERNATIONAL, INC. f/k/a Allied Signal, Inc., as successor-in-interest to Allied Corporation, as successor-in-interest to The Bendix Corporation

D. PNEUMO ABEX, INC.

E. UNION CARBIDE CORPORATION

F. FOSTER WHEELER, LLC

G. GENERAL ELECTRIC COMPANY

H. HOPEMAN BROTHERS, INC.

CHELSEY RICHARD NAPOLEON
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-407-0000

| | |
|---|---|
| Receipt Number | 073973 |
| Register | CDC Cash Regis |
| Case Number | 2024-02499 |
| Grand Total | $ 1440.00 |
| Amount Received | $ 1440.00 |
| Balance Due | $ 0.00 |
| Over Payment | $ 0.00 |

Payment/Transaction List

| | |
|---|---|
| Supplemental and/or Amending Petition | $141.50 |
| JSC | $29.50 |
| Additional Defendants | $1269.00 |

VERIFIED
Barbara Gaudé
6/25/24

I. INTERNATIONAL PAPER

J. LIBERTY MUTUAL INSURANCE COMPANY As Insurer of Wayne Manufacturing

K. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation

EMPLOYER / EXECUTIVE OFFICERS/ PREMISES DEFENDANTS AND THEIR INSURERS

L. NOKIA OF AMERICA CORPORATION, formerly known as Alcatel-Lucent USA Inc., successor-in-interest to Western Electric Company and Bell Laboratories, Inc.

M. AT&T CORPORATION, f/k/a AMERICAN TELEPHONE AND TELEGRAPH COMPANY, individually and as successor-in-interest to WESTERN ELECTRIC COMPANY and BELL LABORATORIES, INC., f/k/a AT&T BELL TELEPHONE LABORATORIES, f/k/a BELL TELEPHONE LABORATORIES;

N. BELLSOUTH TELECOMMUNICATIONS, LLC;

3.

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendants Eagle, Inc. and Taylor-Seidenbach are domestic corporations licensed to do business in this State and have designated as their primary business offices and/or primary places of business in Louisiana as Orleans Parish. Additionally, Petitioner had exposures to asbestos attributable to and in Orleans Parish.

4.

This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of lung cancer and therefore each is solidarily liable to Petitioner with Defendants Eagle, Inc. and Taylor-Seidenbach, Inc. domiciled in Orleans Parish.

5.

Petitioner was exposed to injurious levels of asbestos through personal contact and use of Defendant's products, through bystander exposures to the personal contact and use of Defendant's products by others. Petitioner's employment exposure includes his employment as a lineman installing cable lines throughout southern Louisiana into residential homes which also had asbestos-containing insulation and Petitioner's administrative work while employed by Bell South and

Western Electric where the administrative offices contained asbestos-containing materials during construction, maintenance, and operation of these premises. Petitioner was also exposed to asbestos-containing materials while working on brakes and clutches during drag racing events. Petitioner was also exposed to asbestos-containing materials while employed at a Louisiana shipyard.

6.

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

7.

Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendants above the specific counts of misconduct.

8.

As a direct and proximate result of having inhaled, ingested or otherwise had been exposed to asbestos as described in Paragraph 5, Petitioner contracted malignant lung cancer, caused from asbestos exposure. Petitioner's lung cancer was diagnosed in or around March of 2023.

9.

Because of the latency period between exposure to asbestos and the onset of malignant lung cancer, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Petitioner had only recently discovered Petitioner's injuries and not more

than one year preceding the filing of this Petition for Damages.

10.

Petitioner was unnecessarily exposed to asbestos for decades due to Defendants' failure to inform him of the health hazards associated with asbestos exposure. Defendants failed to warn Petitioner of the health hazards associated with working with and around asbestos materials, including the dangers of exposing family members to asbestos by returning home in work clothes contaminated with asbestos. Defendants also failed to provide a safe work environment for their employees and invitees, despite having superior knowledge of critical medical and safety information related to the dangers from exposure to asbestos, due to their lack of providing any meaningful or adequate supervision, workplace safety instruction, safety equipment, industrial hygiene procedures, medical surveillance programs, respiratory protection requirements, locker rooms, or even posted warning signs. Petitioner was also exposed to asbestos as a result of working with and around asbestos-containing materials and products designed, manufactured, sold, supplied and/or maintained by Defendants. These asbestos-containing materials and products were defective, unreasonably dangerous, and unreasonably dangerous per se, and Defendants failed to provide any type of sufficient safety instructions for reducing, or warnings related to, the health hazards these products would present in the course of their normal, foreseeable use by individuals, such as Petitioner.

11.

Each of the Defendants knew, or should have known, through industry and medical studies and standards, the existence of which were unknown to Petitioner, of the health hazards inherent in exposing workers, consumers, and members of the general public to asbestos-containing materials. Despite such knowledge, Defendants chose not to provide such individuals with adequate warnings or instructions for safely working with or around asbestos-containing materials.

12.

Because of the latency period between exposure to asbestos and the onset of lung cancer, Petitioner has only recently discovered his injuries and not more than one year precedes the filing of this Petition for Damages.

13.

Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

14.

All causative exposures to asbestos sustained by Petitioner occurred on or before December 1980.

**COUNT I: GENERAL NEGLIGENCE ALLEGATIONS**
**(All Defendants)**

15.

On information and belief, all Defendants identified in Paragraph 2 above were responsible to provide Petitioner with warnings concerning hazardous conditions at their sites or relating to their hazardous asbestos-containing materials ("ACMs") and generally to provide Petitioner with safe premises in order to protect the life, health, safety, and welfare of Petitioner, including the following responsibilities:

A. Inspection, approval, and supervision of these various ACMs and premises for hazards and vices that may present a hazard to Petitioner;

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people like Petitioner;

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus in order to prevent Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

H. To make certain that Petitioner was provided a safe environment, free from asbestos dust inhalation and operations free from asbestos dust;

I. To measure the levels of asbestos dust in the premises working environment;

J. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

K. To warn Petitioner of the dangers posed by the polluted atmosphere in which he worked including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

16.

Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

17.

Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner worked, which were damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that injuries, including but not limited to respiratory illness, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

18.

Petitioner was exposed to asbestos or asbestos containing products as a result of the negligence, defective design, manufacture, distribution, marketing, sale, supply, and/or use of asbestos products by Defendants identified in Paragraph 2 above. Petitioner alleges that the negligence and other misconduct of these Defendants are/were a proximate cause of his injuries.

19.

Defendants were distributors, contractors, manufacturers, sellers, users, distributors, or suppliers of ACMs and were engaged in the business of using, manufacturing, or facilitating the manufacture of ACMs; represented themselves as manufacturers of ACMs; or were professional vendors of ACMs, all of which expected the ACMs to reach the Employer and Premises Defendants' facilities with said ACMs reaching same.

20.

The products mined, manufactured, sold, distributed, supplied, shipped, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to Petitioner, who was an intended and foreseeable user and bystander exposed to these products. The defects included, without limitation:

A. The mining, manufacture, sale, supply, distribution and/or use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B. The mining, manufacture, sale, supply, distribution and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

C. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. Failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. Failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products mined, manufactured, sold, distributed and/or supplied;

K. Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L. Over-warranting the safety of these products that were manufactured, sold, supplied, or used by Defendants.

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

21.

The defective conditions of Defendants' products and fault, as noted above, were a proximate cause of Petitioner's injuries.

22.

Petitioner also alleges that each and every one of these Defendants were also negligent in engaging in the substandard conduct described above and that this negligence was also a proximate cause of Petitioner's injuries.

23.

The negligence of Defendants was a substantial factor in, and contributed to, causing damages to Petitioner.

**COUNT II: NEGLIGENCE ALLEGATIONS AGAINST SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/ MANUFACTURERS/INSURERS**

24.

The Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products, or insured such entities, and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraph 2 from which Petitioner was exposed.

25.

The products mined, manufactured, sold, distributed, supplied, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Petitioner who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b. the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the individuals who would be foreseeably exposed to them in as a result of their intended use;

c. lack of warning or of sufficient warning of the hazards these products would present

in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

l. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of; and

m. over-warranting the safety of these products that were manufactured, sold, supplied, and/or used by Defendants.

26.

Petitioner alleges liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

27.

The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

28.

Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

**COUNT III: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST EMPLOYERS/ EXECUTIVE OFFICERS/PREMISES OWNERS**

29.

The employers and their executive officers negligently, recklessly, willfully, and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Petitioner in the following:

a. failed to provide the Petitioner with a safe work environment;

b. failed to provide the Petitioner with safety equipment;

c. failed to provide the Petitioner with correct, adequate, or proper safety equipment;

d. recklessly and negligently failed to disclose, warn, or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the work site;

e. recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

f. failed to timely remove asbestos hazards from the workplace;

g. failed to properly supervise or monitor the work areas for compliance with safety regulations;

h. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

i. failed to provide the necessary facilities, practices, and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of the Petitioner.

The above-described negligence, fault, and willful misconduct of these Defendants were proximate causes of the Petitioner's injuries.

30.

At all times throughout Petitioner's exposures to asbestos, the employers and executive

officers knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, and knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet the employers and executive officers consciously chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which were a substantial contributing cause of Petitioner's injuries.

31.

Petitioner further alleges strict premises liability for the premises owners listed above in failing to provide Petitioner with a safe place in which to work free from the hazards of asbestos, which failure was a proximate cause of Petitioner's injuries.

32.

The premises within which Petitioner was personally exposed to asbestos as set forth in Paragraph 5, were owned by and in the custody of the premises owners, who had control over all contractors and subcontractors working at their facility which was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Petitioner's injuries set forth herein.

ADDITIONAL ALLGEGATION THAT AT&T IS LIABLE AS A PRODUCT MANUFACTURER/SUPPLIER/DISTRIBUTOR/CONTRACTOR

33.

Western Electric, a wholly owned subsidiary of AT&T Corp., functioned as the manufacturing and supply branch of the Bell System and Western Electric manufactured and supplied asbestos-containing products that injured Petitioner, and that AT&T succeeded by merger to Western Electric's tort liabilities. In a merger, all liabilities of each corporation or eligible entity that is merged into the surviving corporation are vested in the surviving corporation. La. R.S. 12:1-1107 (2016). Once the merged entity holds the liabilities of its predecessor, it remains responsible for the former entity's obligations. A merger imposes liability upon the merged entity for all the former entity's obligations. *See Boudreaux v. Allstate Finance Corp.*, 217 So.2d 439, 443 (Court of Appeal of Louisiana, First Circuit, 1968).

ADDITIONAL STRICT LIABILITY ALLEGATIONS AGAINST NOKIA OF AMERICA CORPORATION

34.

During Petitioner's employment, NOKIA OF AMERICA CORPORATION, formerly known as Alcatel-Lucent USA Inc., successor-in-interest to Western Electric Company and Bell Laboratories, Inc., exposed Petitioner to asbestos and/or asbestos-containing products, all of which were within the care, custody and control of Bellsouth Telecommunications, LLC and located on their premises in southern Louisiana. These premises were defective. The use of friable asbestos products posed an unreasonable risk of injury to Petitioner and others working in the asbestos-polluted environment within the care, custody and control of the Bellsouth Telecommunications, LLC. The exposure of Petitioner to asbestos on these premises was a substantial factor and contributed in causing damage to Petitioner. Therefore, Bellsouth Telecommunications, LC is strictly liable for the damages suffered by Plaintiff in accordance with, but not limited to, La. C.C. arts. 660 and 2317.

ADDITIONAL INTENTIONAL MISCONDUCT ALLEGATION AGAINST BELLSOUTH TELECOMMUNICATIONS, LLC

35.

Bellsouth Telecommunications, LLC Industries exposed Petitioner to asbestos and/or asbestos-containing products at their facilities during the course of Petitioner's employment. At all times relevant thereto, Bellsouth Telecommunications, LLC was aware of the dangers inherent in exposure to the asbestos and asbestos-containing products. Bellsouth Telecommunications, LLC possessed medical and scientific data, along with other knowledge, which clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of its employees, including Petitioner who was required to work with and in close proximity to asbestos-containing products.

ADDITIONAL NEGLIGENCE ALLEGATION AGAINST AT&T

36.

AT&T is liable for negligence in giving Plaintiff's employer, BellSouth, information and guidance about protecting its employees from workplace asbestos. AT&T undertook, gratuitously

or for consideration, to render services to another, BellSouth, which AT&T should have recognized as necessary for the protection of the Plaintiff, who suffered physical harm resulting from AT&T's failure to exercise reasonable care to perform its undertaking.

a. AT&T contracted with BellSouth to provide safety research with respect to BellSouth equipment and to develop safety instructions and programs that would "protect and preserve the health and promote the well-being" of BellSouth employees. AT&T provided Safety Supervisors who conducted safety reviews of the BellSouth and then directed them on how to overcome the problems that AT&T observed. AT&T voluntarily prepared and presented instructions (BSPs) that BellSouth used to train their employees on the safe use and handling of equipment and on the safe execution of work activities. AT&T also formed the OHWG to "bring about a more healthful work environment" for Bell System employees, including by studying potential asbestos exposures and undertaking to prepare guidelines for the BOCs to assist them in understanding and complying with OSHA regulations governing permissible employee exposure levels to toxins in the workplace.

b. AT&T assumed a duty to Petitioner when it voluntarily undertook to provide employee health and safety information and related services to BellSouth, and its negligent failure to adequately provide those services caused physical harm to Petitioner in an entirely foreseeable manner.

37.

The premises owners negligently, recklessly, willfully, and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Petitioner in the following particulars:

a. failure to provide Petitioner with a safe place to work;

b. failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring,

and procedures to prevent the transportation of asbestos fibers home on Petitioner's clothing; and

c. failure to inform or warn Petitioner of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Petitioner's injuries.

**JURY DEMAND**

Petitioner is entitled to, and specifically requests, a trial by jury of all issues of fact herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** based on the foregoing premises set out in paragraphs 1 through 37, Petitioner requests that all Defendants named in the petition be served and cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recovers of and from the Defendants individually, jointly, and *in solido* in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, to compensate Petitioner for the following:

a. all past, present, and future medical costs or expenses related thereto;

b. all past, present, and future lost earnings;

c. all past, present, and future mental pain, suffering, anguish, and distress;

d. all past, present, and future physical pain and suffering;

e. the disfigurement suffered by Petitioner;

f. loss of quality of life;

g. past, present, and future disability; and

h. any such other and further relief, special and general, as law and equity may permit.

**WHEREFORE,** Petitioner prays that after due proceedings had, there be a judgement herein in favor of Petitioner and against Defendants as prayed for.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
643 Magazine Street, Suite 300A
New Orleans, LA 70130
Telephone: 504-822-6050

Facsimile: 504-313-3911
Email: *phil@pchlawfirm.com*
*dayal@phclawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*

COUNSEL FOR PETITIONER

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES:**

1. **HONEYWELL INTERNATIONAL, INC**
   Through its registered agent:
   Corporation Service Company
   501 Louisiana Avenue,
   Baton Rouge, LA 70802

2. **PNEUMO ABEX, INC**
   Through their registered agent:
   Corporation Service Company
   251 Little Falls Drive,
   Wilmington, DE 19808

3. **FOSTER WHEELER, LLC**
   Through their registered agent
   1070 B. West Causeway Approach,
   Mandeville, LA 70471

4. **GENERAL ELECTRIC COMPANY**
   Through its registered agent:
   CT Corporation System
   3867 Plaza Drive Tower Dr.,
   Baton Rouge, LA 70816

5. **UNION CARBIDE CORPORATION**
   Through its registered agent:
   CT Corporation System
   3867 Plaza Drive Tower Dr.,
   Baton Rouge, LA 70816

6. **HOPEMAN BROTHERS, INC.**
   Through their registered agent:
   435 Essex Avenue,
   Waynesboro, VA 22980

7. **INTERNATIONAL PAPER COMPANY**
   **Through its registered agent:**
   CT Corporation System
   3867 Plaza Drive Tower Dr.,
   Baton Rouge, LA 70816

8. **PARAMOUNT GLOBAL**
   Through their registered agent:
   Corporation Service Company

251 Little Falls Drive,
Wilmington, DE 19808

9. **BELL SOUTH TELECOMMUNICATIONS, LLC**
CT Corporation System
3867 Plaza Drive Tower Dr.,
Baton Rouge, LA 70816

10. **LIBERTY MUTUAL INSURANCE COMPANY**
Through the Louisiana Secretary of State:
8585 Archives Avenue,
Baton Rouge, LA 70809

11. **NOKIA OF AMERICA CORPORATION**
Through its registered agent:
Corporation Service Company
450 Laurel St., 8th Fl
Baton Rouge, LA 70801

12. **AT&T CORPORATION**
CT Corporation System
3867 Plaza Drive Tower Dr.,
Baton Rouge, LA 70816

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S FIRST AMENDING AND RESTATED PETITION FOR DAMAGES:**

13. **EAGLE INC.** (formerly known as Eagle Asbestos & Packing Co., Inc.)
Through Agent for Service of Process:
Susan B. Kohn
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163

2024-02499

A

Section 16

FILED

2024 MAR 18 P 01:10

CIVIL

DISTRICT COURT

JURY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. SECTION DIVISION " "

LAWRENCE MCINTYRE

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**PETITION FOR DAMAGES**

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The Petition of Lawrence McIntyre respectfully represents:

1.

Petitioner Lawrence McIntyre is an adult resident citizen of the State of Kentucky who worked in and was exposed to asbestos in Orleans Parish in the State of Louisiana. Petitioner currently resides in Jefferson County, Kentucky.

2.

Named Defendants herein are the following, either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner, for the claims asserted herein:

**SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/MANUFACTURERS**

1. **TAYLOR-SEIDENBACH, INC.**
2. **EAGLE, INC.**

3.

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendants Eagle, Inc. and Taylor-Seidenbach are domestic corporations licensed to do business in this State and have designated as their primary business offices and/or primary places of business in Louisiana as Orleans Parish. Additionally, Petitioner had exposures to asbestos attributable to and in Orleans Parish.

4.

This action is within the jurisdiction of the court and Orleans Parish is a proper venue

VERIFIED

Kasie Jiles

2024 MAR 18 P 02:47

E-Filed

2024-02499

A

Section 16

FILED

2024 MAR 18 P 01:10

CIVIL

DISTRICT COURT

pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of lung cancer and therefore each is solidarily liable to Petitioner with Defendants Eagle, Inc. and Taylor-Seidenbach, Inc. domiciled in Orleans Parish.

5.

Petitioner was exposed to injurious levels of asbestos through personal contact and use of Defendant's products, through bystander exposures to the personal contact and use of Defendant's products by others, and/or through personal contact with and the laundering of work clothing of individuals with whom he resided.

6.

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

7.

Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendants above the specific counts of misconduct.

8.



E-Filed

As a direct and proximate result of having inhaled, ingested or otherwise had been exposed to asbestos as described in Paragraph 5, Petitioner contracted malignant lung cancer, caused from asbestos exposure. Petitioner's lung cancer was diagnosed in or around March 2023.

9.

Because of the latency period between exposure to asbestos and the onset of malignant lung cancer, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Petitioner had only recently discovered Decedent's injuries and not more than one year preceding the filing of this Petition for Damages.

SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/ MANUFACTURERS

10.

Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, facilities and sites from which Petitioner was exposed.

11.

The products mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner, who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b. the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to Petitioner, who would be foreseeably exposed to them in as a result of their intended use;

c. lack of warning or of sufficient warning of the hazards these products would

present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of;

l. over-warranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants; and

m. liability to Petitioners in strict liability for things in their garde, possession, custody, or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Decedent.

12.

The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

13.

Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was

FILED

2024 MAR 18 P 01:10

CIVIL

DISTRICT COURT

also a proximate cause of Petitioner's injuries.

14.

At all times throughout Petitioner's exposure to asbestos, Defendants knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Defendants consciously chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

**JURY TRIAL DEMAND**

Petitioner requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 14, Petitioner requests that Defendants be served with this petition and that there be judgment against Defendants in a sum sufficient to compensate Petitioner for the following:

a. all past, present, and future medical costs or expenses related thereto;

b. all past, present, and future lost earnings;

c. all past, present, and future mental suffering, anguish, pain, and suffering;

d. all past, present and future physical pain and suffering;

e. loss of quality of life;

f. past, present, and future disability; and

g. any and all damages as permitted under the law.

2024-02499

A

Section 16

FILED
2024 MAR 18 P 01:10
CIVIL
DISTRICT COURT

WHEREFORE Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against Defendants as prayed for.

Respectfully submitted,

**PHILIP C. HOFFMAN, LLC**

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
643 Magazine Street, Suite 300A
New Orleans, LA 70130
Telephone: 504-822-6050
Facsimile: 504-313-3911
Email: *phil@pchlawfirm.com*
*dayal@phclawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
**COUNSEL FOR PETITIONERS**

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES:**

1. **EAGLE INC.** (formerly known as Eagle Asbestos & Packing Co., Inc.)
   Through Agent for Service of Process:
   Susan B. Kohn
   1100 Poydras Street, 30th Floor
   New Orleans, Louisiana 70163

2. **TAYLOR-SEIDENBACH, INC.**
   Through Agent for Service of Process:
   Hal Shepard
   731 South Scott Street
   New Orleans, LA 70119



E-Filed